[950 NYS2d 479]

In the Matter of JOSEPH J. GIORDANO III (Admitted as JOSEPH JAMES GIORDANO III), Resignor.

Second Department, August 29, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for the Grievance Committee for the Tenth Judicial District.

*Mischel & Horn, P.C.* (*Richard E. Mischel* of counsel), for resignor.

**OPINION OF THE COURT**

Per Curiam.

Joseph J. Giordano III has submitted an affidavit dated April 4, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Giordano was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 26, 2006, under the name Joseph James Giordano III.

Mr. Giordano is the subject of an investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct including, inter alia, failing to communicate with his clients in two separate legal matters for which he was retained (one of which he was not competent to handle), failing to timely refund unearned fees, failing to timely cooperate with the Grievance Committee, and failing to be candid and forthright when questioned under oath at the Grievance Committee's offices. He acknowledges that he could not defend himself on the merits against charges predicated on the foregoing.

Mr. Giordano avers that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; that he is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for at least seven years; and that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Additionally, he acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). Mr. Giordano specifically waives the right to be heard in opposition thereto pursuant to Judiciary Law § 90 (6-a) (f).

The Grievance Committee recommends that the Court accept Mr. Giordano's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Mr. Giordano is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and LOTT, JJ., concur.

Ordered that the resignation of Joseph J. Giordano III, admitted as Joseph James Giordano III, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph J. Giordano III, admitted as Joseph James Giordano III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph J. Giordano III, admitted as Joseph James Giordano III, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph J. Giordano III, admitted as Joseph James Giordano III, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Joseph J. Giordano III, admitted as Joseph James Giordano III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).